```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RAMON INOA-DILONE,

                            Plaintiff,

        -against-

"JOHN DOE", first and last name being fictitious
and JOHN W. RITTER TRUCKING, INC.,

                            Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/2024
```

24 Civ. 2560 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Ramon Inoa-Dilone, brings this action against Defendants, John W. Ritter Trucking, Inc. ("Ritter Trucking"), and truck driver "John Doe," seeking to recover for personal injuries resulting from a motor vehicle accident on a Cross Bronx Expressway ramp. In September 2023, Inoa-Dilone filed this suit in Supreme Court, Bronx County. Compl., ECF No. 11-1. Three months later, Ritter Trucking filed an answer, ECF No. 11-3, and four months after that, it removed the case to federal court, ECF No. 1. Inoa-Dilone now moves to remand the action to state court on the ground that Ritter Trucking's notice of removal was untimely and, in the alternative, requests that the Court abstain from exercising jurisdiction in light of related state proceedings. Pl. Mem., ECF No. 11; *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). For the following reasons, Inoa-Dilone's motion is DENIED.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), and federal district courts have original jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000, *id.* § 1332(a). Typically, a defendant must file its notice of removal within 30 days of receiving a complaint or summons. *Id.* § 1446(b)(1). A case is immediately removable when the initial pleading "enables the defendant to intelligently ascertain

removability from the face of such pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (quotation marks and citation omitted). However, if the case stated by the complaint is initially "not removable," the defendant may file for removal within 30 days of receiving a "paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3); *see also Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023).

Inoa-Dilone argues that remand is warranted because Ritter Trucking did not file a notice of removal until months after it received Plaintiff's complaint. Pl. Mem. ¶ 10. According to Inoa-Dilone, it should have been clear from the face of his complaint—in which he alleged that he was "seriously and permanently injured" and suffered damages in a sum that exceeds both the "jurisdictional limits of all lower courts which would otherwise have jurisdiction" and the "basic economic loss" that would satisfy § 5104 of the New York Insurance Law—that the amount in controversy exceeds $75,000.[1] Compl. ¶¶ 33, 35, 37; *see* Pl. Mem. ¶¶ 17–19. Thus, contends Inoa-Dilone, the case was immediately removable, and Ritter Trucking needed to remove it within 30 days of being served with the complaint. Ritter Trucking argues that the case did not become removable until March 6, 2024, when Inoa-Dilone claimed for the first time that he is entitled to $10 million in damages. Def. Mem. ¶ 2, ECF No. 12; *see* ECF No. 12-2 ¶ 10. As such, Ritter Trucking contends, the April 4, 2024 notice of removal was timely. Def. Mem. ¶ 13; *see* ECF No. 1.

Ritter Trucking is correct. Although Inoa-Dilone's complaint alleges that he "was seriously and permanently injured," Compl. ¶ 33, courts in this Circuit hold that this type of

---

[1] Because Inoa-Dilone resides in Bronx County, New York, Compl. ¶ 1, and Ritter Trucking is incorporated in Maryland and has its principal place of business there, ECF No. 1 ¶ 3, the parties are diverse. *See also* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

"boilerplate" language "do[es] not establish that the amount in controversy suffices to support diversity jurisdiction." *De Garcia v. Tropicana Ent. Inc.*, No. 22 Civ. 12, 2022 WL 375996, at *2 (E.D.N.Y. Feb. 8, 2022) (quoting *Palmer v. Schindler Elevator Corp.*, No. 17 Civ. 3619, 2017 WL 9511081, at *1 (E.D.N.Y. June 22, 2017), *report and recommendation adopted*, 2017 WL 3037411 (E.D.N.Y. July 18, 2017)).  Nor do allegations that a plaintiff suffered damages "in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction," *De Garcia*, 2022 WL 375996, at *2 (citation omitted); *see also id.* (explaining that such a statement "merely indicates an amount in controversy in excess of $25,000, which represents the jurisdictional limitation of the lower civil courts of New York" (citation omitted)); *Ma v. United Rentals (N. Am.), Inc.*, 678 F. Supp. 3d 412, 416 (S.D.N.Y. 2023), or in a sum "greater than the basic economic loss" needed to satisfy § 5104 of the New York Insurance Law, *see Ma*, 678 F. Supp. 3d at 416 (explaining that the "basic economic loss" is "an amount up to $50,000"); *Whitter v. Waizenegger*, No. 19 Civ. 283, 2019 WL 6210848, at *1 (S.D.N.Y. Nov. 21, 2019).  Therefore, this case did not become removable until March 6, 2024, the date of Inoa-Dilone's damages demand, ECF No. 12-2 ¶ 10, and Ritter Trucking's notice of removal was timely.

Inoa-Dilone argues in the alternative that the Court should abstain from exercising jurisdiction under the *Colorado River* doctrine.  *See* Pl. Mem. ¶ 23; *Colo. River*, 424 U.S. 800. "Abstention from the exercise of federal jurisdiction is the exception, not the rule."  *Colo. River*, 424 U.S. at 813.  However, under the *Colorado River* doctrine, abstention may be warranted in "certain exceptional circumstances when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources." *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 166 (2d Cir. 2023) (cleaned up)

3

(quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012)). In evaluating whether *Colorado River* abstention is appropriate, courts in this Circuit consider six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Niagara Mohawk*, 673 F.3d at 100–01 (quoting *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001)). Although no one factor is determinative, "[o]nly the clearest of justifications" warrants dismissal of a case over which a federal court has jurisdiction. *Id.* (quoting *Colo. River*, 424 U.S. at 819).

Inoa-Dilone argues that because the man riding in the passenger seat at the time of the collision has since brought an action against him and Defendants in New York state court, the Court should decline to exercise jurisdiction here. Pl. Mem. ¶¶ 28–30; *see* ECF No. 11-4. The Court disagrees. Three out of six factors support retaining jurisdiction: this action does not involve a res over which one of the courts has assumed jurisdiction; both the state and federal courts are located in New York City, so the forums are equally convenient; and the federal suit was filed first. Pl. Mem. ¶ 29; *see* ECF No. 11-4 at 4–10. Although Inoa-Dilone is correct that consolidating the two actions in state court may conserve judicial resources, the existence of possible efficiencies does not relieve the Court of its "virtually unflagging obligation . . . to exercise the jurisdiction given [it]." *Colo. River*, 424 U.S. at 817.

For the foregoing reasons, Inoa-Dilone's motion to remand is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11.

SO ORDERED.

Dated: October 1, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge